Dear Lieutenant Matherne:
Your request for an opinion concerning the legality of setting aside enumerated penalties for an alternative plea has been received by me for research and reply. Specifically, you have asked the following question:
 May a New Orleans Municipal Court judge set aside prescribed Wildlife and Fisheries penalties in lieu of the defendant donating a lap top computer to the Department of Wildlife and Fisheries Enforcement Division?
When fines and penalties assessed pursuant to violations of statutes are imposed, the monies collected from these fines have specific channels through which they must flow. In some statutes, such as La. R.S. 56:325.1, the legislature has specifically expressed that the fines assessed for its violation are tagged for the Department of Wildlife and Fisheries. In this case, however, the statutes with which the defendant has been charged do not have fines and penalties attached that are expressly reserved for the Department of Wildlife and Fisheries. Because there is no express intent to reserve the monies collected for that department and the case is being prosecuted in Orleans Parish, R.S. 15:571.11(D) governing the disposition of fines and forfeitures would normally control. This section states, "all fines and forfeitures . . . imposed in criminal cases and prosecutions by the courts of Orleans Parish and any payments ordered as a condition of probation under La. C.Cr.P. Art. 895.1(B)(2) shall, upon collection, be paid to the criminal sheriff of Orleans Parish who shall thereafter be divided equally between the district attorney of Orleans Parish and the criminal district court . . ." This statute does not allow the fines collected to go directly to the Department of Wildlife and Fisheries.
Allowing the Department of Wildlife and Fisheries to receive a lap top computer in lieu of monies from assessed fines and penalties not designated to the Department would run afoul of R.S. 15:571.11(D) supra. To allow such innovative sentencing in this situation would prove detrimental to the agencies which are statutorily authorized to receive a percentage of this money.
If as in R.S. 56:325.1 above, the legislature had expressly designated the fines collected from violation of the charged offenses be dispensed to the Department of Wildlife and Fisheries alone, there may be more room for argument that a lap top computer could be substituted for the monies owed, since the Department is the only agency to which the monies are designated. In the charged offenses, however, the money is, in effect, already designated to other agencies. Allowing the Department of Fisheries to have this computer would be detrimental to those areas to which the monies are statutorily tagged.
However, the court may convict the defendant and under La. C.Cr.P. Art. 895.2(A), as a condition of probation, the court may order the defendant to give the computer to the Department of Wildlife and Fisheries Conservation Fund. The value of the computer, however, may not exceed the value of the spotted sea trout which the defendant illegally seized. This would fall within the court's power under 895.2(A) to order "civil restitution to the state of Louisiana, Department of Wildlife and Fisheries Conservation Fund." Nonetheless, the statutes expressly restrict the donee to the Conservation Fund, as opposed to the Department of Wildlife and Fisheries corporately.
Thus, it is the opinion of this office that a New Orleans Municipal Court judge may not simply set aside prescribed penalties because statutory law sets specific channels through which collected fines must pass. However, by using La. C.Cr.P. Art. 895.2(A), as a condition of probation, the lap top computer may be donated to the Department of Wildlife and Fisheries Conservation Fund. The Wildlife and Fisheries Enforcement Division, however, may not directly receive the computer. It must be received by the Conservation Fund as La. C.Cr.P. Art.895.2(A) specifically designates it as the recipient.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ FREDERICK A. DUHY, JR. Assistant Attorney General